[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13857

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIO RUIZ CHUTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80154-KAM-1

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

WILSON, Circuit Judge:

Julio Ruiz Chuta appeals his conviction for aiding and abetting undocumented immigrant smuggling for the purpose of commercial advantage or financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. Chuta argues that the government's evidence, viewed in the light most favorable to the verdict, was insufficient to support his conviction. After careful review, we affirm.

## I.    Factual Background

The following information was produced at trial: Chuta financed and arranged for N.M., a 15-year-old unaccompanied minor, to be smuggled from his remote village in Guatemala to the United States via Mexico. N.M. reached out to Chuta, a family friend, via Facebook to ask for his help in coming to the United States. N.M. wanted to help his family financially, and he planned to work in the United States and send a portion of his earnings back to Guatemala. Ultimately, Chuta agreed to loan N.M. the money necessary to transport him to the United States, but the loan would accrue interest at a two-percent rate. On top of the interest rate charged, Chuta also included a $300 service fee once N.M. arrived in the United States. Before N.M. left Guatemala, Chuta told N.M. to not "back down" from coming to the United States, telling N.M. he was preparing things for N.M.'s arrival and there was no reason to be scared. Chuta also promised N.M.'s parents he would house

N.M. once N.M. was inside the United States. Chuta instructed N.M. on the smuggling process, hand-picked the coyote who smuggled N.M., and instructed N.M. to pay the coyote in increments once N.M. reached specific geographical checkpoints. Throughout the transport, Chuta remained in contact with N.M. and the coyote and provided status updates to N.M.'s father. N.M.'s father testified that Chuta assured him that "he was awaiting [N.M.]" "because he was the one that had arranged everything." Once N.M. arrived in the United States, he was apprehended by Border Patrol. N.M. was then taken to a shelter for children in Arizona, where he stayed for about 20 days.

N.M. later flew from Arizona to Florida, where he was united with Chuta. Over time, tensions increased. After a few weeks Chuta met with N.M. to give him a ledger reflecting his debt, which totaled $4,036, including the interest rate and $300 service fee. As time went on, Chuta continued to remind N.M. about his debt, which included the accruing interest that he owed Chuta. Two years after N.M. had arrived in Florida, the debt still had not been fully repaid. Chuta threatened to increase N.M.'s interest if he did not repay his debt, and Chuta engaged in a heated exchange with N.M.'s father regarding the payments. As a result, N.M.'s grandfather mortgaged his farm in Guatemala to pay for N.M.'s debt.

Chuta was charged with three separate counts: (1) undocumented immigrant smuggling for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C.

§ 1324(a)(2)(B)(ii) and 18 U.S.C. § 2; (2) providing and obtaining forced labor, in violation of 18 U.S.C. § 1589(a); and (3) document servitude, in violation of 18 U.S.C. § 1592(a). Following the government's case, Chuta moved for a judgment of acquittal on all charges. The district court denied the motion as to count one and reserved judgment on counts two and three. The defense rested without putting on any evidence and renewed the motion for a judgment of acquittal. Again, the court denied as to count one and reserved judgments on counts two and three. Ultimately, the jury found Chuta guilty on count one and acquitted him on the remaining counts. Chuta timely appealed.

## II.    Standard of Review

We review de novo a challenge to the sufficiency of the evidence supporting a conviction and the denial of a Rule 29 motion for judgment of acquittal, viewing the evidence in the light most favorable to the government, and making all reasonable inferences and credibility choices in favor of the jury's verdict. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). We will uphold the denial of a Rule 29 motion unless no reasonable factfinder could have found proof of guilt beyond a reasonable doubt. *Id.*

We will not reverse a conviction solely because the defendant "put forth a reasonable hypothesis of innocence" at trial, because "the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *United States v. Campo*, 840 F.3d 1249, 1258 (11th Cir. 2016) (quotation marks omitted). A jury may choose among

reasonable constructions of the evidence, and we must accept the jury's reasonable determinations of witness credibility. *United States v. Godwin*, 765 F.3d 1306, 1319–20 (11th Cir. 2014).

### III.    Analysis

It is a crime to bring or attempt to bring to the United States an undocumented immigrant who does not have prior authorization to enter the United States, knowing or in reckless disregard of the fact that the undocumented immigrant lacks said authorization. 8 U.S.C. § 1324(a)(2). Subsection (B)(ii) provides for an enhanced sentence when the smuggling offense is done for "the purpose of commercial advantage or private financial gain." § 1324(a)(2)(B)(ii). We have defined "commercial advantage" as "a profit or gain in money obtained through business activity" and "private financial gain" as "an additional profit specifically for a particular person or group." *United States v. Zheng*, 306 F.3d 1080, 1086 (11th Cir. 2002). No evidence of actual payment or of an agreement for the defendant to be paid is required. *United States v. Dominguez*, 661 F.3d 1051, 1066 (11th Cir. 2011). Instead, evidence that the defendant acted for the purpose of financial gain is sufficient. *Id.* A person who does not commit an offense under § 1324(a) can still be convicted as principal if he "aids, abets, counsels, commands, induces, or procures its commission." 18 U.S.C. § 2(a). To be convicted under said theory, the evidence must show that: "(1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense;

and (3) the defendant intended to aid in its commission." *Dominguez*, 661 F.3d at 1065 (quotation marks omitted).

Chuta's claim fails. Here, the government presented sufficient evidence for the jury to find Chuta guilty of aiding and abetting undocumented immigrant smuggling for commercial advantage or financial gain beyond a reasonable doubt. The jury reasonably concluded that Chuta intended to aid in the minor victim's smuggling operation for the purpose of financial gain based on the trial evidence that: Chuta secured the coyote, loaned money to the N.M.'s family to pay the coyote, coached N.M. on how to handle interactions with the coyote during transport, assured N.M.'s family N.M. would be able to stay with him in the United States, and maintained a ledger showing that he charged interest on the loan, plus a separate $300 fee for arranging the smuggling operation. A jury could, and did, find Chuta's guilt beyond a reasonable doubt based on these facts, and we must accept the jury's reasonable determinations of witness credibility here.

Chuta relies on *Dominguez* to argue that we have generally required more culpable conduct from a to affirm a § 1324(a)(2) conviction under an aiding and abetting theory. *Dominguez* concerned smuggling operations designed to obtain lucrative Major League Baseball contracts. *See* 661 F.3d at 1057. But § 1324(a)(2) is not limited to sophisticated smuggling ventures, and Chuta does not rebut the evidence showing he charged interest on the loan as well as a service fee. This is sufficient evidence for a jury to conclude beyond a reasonable doubt that Chuta's actions were done for the purpose

22-13857                Opinion of the Court                7

of commercial advantage or financial gain, and therefore we must affirm.

**AFFIRMED.**